## Case No. 14,313.

### TYRELL'S HEIRS v. ROUNTREE et al.

[1 McLean, 95.] [1]

Circuit Court, D. Tennessee. Sept. Term, 1830. [2]

ATTACHMENT — SALE — COUNTIES — DIVISION OF COUNTY—EFFECT OF ON LIEN.

1. An attachment being levied on land fixes a lien from the time of the levy, and a sale by the sheriff of the land, under a judgment on the attachment, has relation to the time of the levy of the attachment.

2. Under these circumstances a division of the county which throws a part of the land in the new county, being made subsequent to the levy of the attachment and before the sale by the sheriff, will not affect the lien, or oust the jurisdiction of the court.

[This was an action at law by William Tyrell's heirs against Andrew Rountree and others.]

Mr. Washington, for plaintiffs.
Mr. Yerger, for defendants.

OPINION OF THE COURT. This action of ejectment was brought by the lessors of the plaintiff to recover possession of a cer-

---

[1] [Reported by Hon. John McLean. Circuit Justice.]
[2] [Affirmed by the supreme court in 7 Pet. (32 U. S.) 464.]

tain tract of land, the title of which was proved to have been in their ancestor. The defendants set up a title by a sale made by the sheriff of Williamson county under a judgment rendered on an attachment. The attachment was levied the 13th February, 1807; the defendants did not appear and judgment was entered against them by default. The land was sold on execution the 2nd January, 1808. It was then proved by the plaintiffs that Williamson county was divided the 16th November, 1807, and that a part of the land was included in the new county called Maury. They therefore moved the court to instruct the jury that the sheriff's sale was void for so much of the land as lies in the new county. But the court instructed the jury, that the sale of the sheriff had relation to the time of the levy by the attachment. That from this time there was a lien on the land, and it was in the custody of the law subject to the satisfaction of the judgment which should be rendered on the attachment. And that a division of the county could not affect the lien, or oust the jurisdiction of the court. That the lien being fixed, by the levy of the attachment, the court could consummate the proceedings by a sale of the land, as if no division of the county had been made. The jury under this instruction found a verdict of not guilty, on which a judgment was entered.

The plaintiffs removed this case by a writ of error to the supreme court, which affirmed the judgment. 7 Pet. [32 U. S.] 464.